UNITED STATES of America, Plaintiff–Appellee,

v.

Javier MOYA–ALEGRIA, Defendant–Appellant.

No. 07–10054.

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008.*

Filed May 28, 2008.

Jonathan Baghdassarian Granoff, Esq., USTU—Office of the U.S. Attorney Evo A. Deconcini, U.S. Courthouse, Tucson, AZ, for Plaintiff–Appellee.

Peter Hormel, Esq., Law Office of Peter Hormel, Tucson, AZ, for Defendant–Appellant.

Before: PREGERSON, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Javier Moya–Alegria appeals from the 33–month sentence imposed following his

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

guilty-plea conviction for possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D).

Moya–Alegria contends that the district court procedurally erred by failing to adequately explain its reasons for the sentence. This contention is belied by the record. *See Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2468–69, 168 L.Ed.2d 203 (2007).

Moya–Alegria also contends that the district court procedurally erred at sentencing by treating the Guidelines as mandatory and by not rendering its decision in a manner that explicitly analyzed the other factors contained in 18 U.S.C. § 3553(a). However, "[t]he district court need not tick off each of the § 3553(a) factors to show that it has considered them. We assume that district judges know the law and understand their obligation to consider all of the § 3553(a) factors, not just the Guidelines." *United States v. Carty,* 520 F.3d 984, 992 (9th Cir.2008) (en banc).

**AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument and therefore denies appellant's request. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.